Our next case for argument is 24-2218, Topia Technology v. Box. Mr. Boland, please proceed when you're ready. May it please the Court. The final written decisions, the FWDs and the two IPRs that are on appeal, are fundamentally grounded in error. What we have is that the PTAB adopted a late-raised claim construction, and then it improperly adopted it. It's overbroad, and it was one that was asserted to specifically sweep in the prior art. Then, after adopting it, the PTAB looks at the case in deciding it and says, Oh, well, Topia, your evidence falls under a rejected construction, so we're not going to consider it. Then it turns around and says, But even if we do consider it, you lose, and it still didn't consider the evidence. So we consider that there's fundamental error underlying the decisions in this case. Counsel, do we need to agree with your construction of the term automatically in order for you to win on this appeal? No, Your Honor, and here's why. The construction, I'll say in the obviousness analysis, putting construction aside for a moment, in the two grounds, there were principle of operation arguments, there were teaching away arguments, and there were looking at the combined teachings of the prior art arguments. So under each ground, there were three fundamental arguments. Teaching away for each is not based on claim construction because it goes to other aspects of the references. And the first principle of operation argument, Sigurdsson and Chappell, is also not specifically tied to the claim construction dispute. So those are three issues that can be decided without implicating the claim construction. And in all three, I'll add that the PTAB simply did not consider Topia's evidence. We couldn't find one issue in the record where the PTAB considered our expert's testimony, other than to say we dismiss it because it's based on a rejected construction. With respect to the combined teachings of the prior art, Your Honor, in that situation for both rejections, our position is based on adoption of the construction. And our further position is that if our construction is adopted, we're not asking the court to re-weigh the evidence today. We gave examples of situations where the PTAB looked at the record, repeatedly cited to the other side's expert and evidence, and never mentioned ours. So this is not a case, and so the case can be remanded on that ground. APA violations. Why do they have to mention your evidence? They expressly mentioned a bunch of the cited expert testimony for the other side. And we review, for example, motivation to combine or teaching away for substantial evidence because it's a fact question. So I don't think that there's some obligation on the board's part to mention your evidence when they're making a fact finding, so long as they provide their rationale, which was, we are relying on this other evidence. And in response, Your Honor, if I may add that, like, for example, this court's decision in OSI Pharma at page 37 of our opening brief says, the substantial evidence review involves the examination of the record as a whole, taking into account evidence that both justifies and detracts from an agency's decision. So we're not saying that, okay, one exhibit or one paragraph of an expert's declaration were not considered. We're saying there was wholesale ignorance of TOPIA's record evidence on every issue that was raised below putting claim construction aside. I mean, just following up on Chief Judge Moore's question, do you at least agree that we have case law that says that the board doesn't have to talk about every piece of evidence in the final written decision? And that doesn't mean it wasn't considered, but it doesn't have to explicitly discuss every piece of evidence. I do agree that there's law to that effect, Your Honor. But I believe that the prevailing vein of authority holds that the PTAB has to meaningfully engage in our evidence as well as the other side. And silence about our evidence throughout the entire decision on every issue we don't think is meaningful engagement. We think it's an APA violation on every single obviousness issue that was raised in the case. As a matter of fact, this court at page 41 of our opening brief has remanded cases where the PTAB failed to consider a single argument about what a reference teaches. And here, as one example, in ground one, we argued that the combination attempt to combine Sigurdsson with Chappelle would violate the principle of operation line of cases. And we gave arguments and we gave evidence. And so did the other side. The PTAB didn't even mention our arguments or evidence. And that should clearly fall under the Quechtel and Proviser cases we cited at page 41. Do you agree that the PTAB considered both your construction in addition to the construction that was actually determined there and decided that under either one these claims would be found obvious? I believe that they did in most instances, Your Honor. And, for example, when you look at the combined teachings of the references, our position is that none of the four references in total, two grounds, two references each, none of them disclose step 1D or element 1D of claim one of the 561 patent. Because none of them disclose an embodiment or has any disclosure of a push-based transfer of the file from a first electronic device to the third electronic device. And the claim language says very clearly that it's the first application, which is software on the first device, is configured to automatically transfer the modified first electronic file copy to the third electronic device. And getting into claim construction for a moment here, that literal language read in context, it eliminates any human. Okay, it's one piece of software transferring a file to another device. There's no human involved. In terms of the limitations, is the only dispute between the parties with respect to claim limitation 1D? Yes, that's what we've briefed. Yes, Your Honor. And also, with respect to representativeness, do you contend that claim one of the 561 patent is representative of all challenge claims for both patents? Yes, Your Honor, and I don't think that was disputed by the appellees in their red brief. I heard you a minute ago suggest that you think that there's an APA violation in the PTO, in the PTO's failure to address your evidence. I just had my clerk search. I don't see that argument in your brief. The only mention I see to the APA is on page 22, and that has to do with late shifting claim construction positions. Am I missing a place where you made this APA argument that you just made here today? I think we did, Your Honor, and I think it's throughout our opening brief in particular, and we repeatedly cited to Aqua Products, and we cited this court's decision in Carey Group Services. Can you show me any place where you did? Just point me to one place. All right. I think maybe page 38 where you cite Aqua Products you do. That's what I'm trying to get. I think you did there. Yes, that's one place, Your Honor, and I don't have it at the tip of my finger, at my fingertips, other places, but I do believe there are other places, and I believe that, for example, page 46 my colleague points out. Well, that just says the Federal Circuit never cited to, or the PCAP never cited to or weighed Dr. Chenoy's testimony and ignored all of Topia's teaching away evidence. True, but in context, Your Honor, I would take that sentence in light of our first citation to Aqua Products where we had pointed out that was an APA violation, and if on our listening to my friend's argument we can find other spots, we'll point them out, but I'm also looking at the middle paragraph on page 48, which, again, cites Aqua Products, indicates that the PTAB's decision violated the APA. On the claim construction, do you point to any intrinsic evidence that the invention is limited to just what you call pull transactions? Yes. It's actually limited to push transactions and the alternative embodiment is pull. But, yes, as a matter of fact, Your Honor, so the claim language itself, okay, element 1D specifically says that the first application Are there any embodiments in the specification that are limited to the push embodiments? Yes, Your Honor. So beginning at column 7, line 47, it begins a discussion of figure 3, a preferred embodiment, and it says automatic synchronization, and then in column 8, there's discussions of a transfer of the file in both the upload step to the first electronic device and then from the first electronic device to the third electronic device, and both of those are automatic. They're clearly push. It says that the software pushes the file down to the next device, Your Honor. Those are the spots, and I'll reserve the rest of my time for rebuttal unless the court has a further question. Thanks. That's good. Mr. Mead. Please, the Court, Your Honors, I think Your Honors are hitting on some of the key issues and controlling case law here that show why the Board's decision should be affirmed. On the question of whether the Board did consider the arguments raised by Topia, absolutely the Board did. We've seen the decisions, happy to cite those. The core arguments were considered. I mean, the two companion decisions. Where does the Board discuss any of their, for example, teaching away evidence or argument? Sure. Motivation combined. Where can we see it in the Board's decision? Sure. I'll pull up those sites for you, Your Honor. So in the, so for example, the two companion decisions here, so on the 942 patent, so Appendix 149 through 151. And I'll note, we heard from our friend that there's no reference to the expert testimony that was proffered by Topia. That's simply not the case. I think we counted nine or ten references to Dr. Chenoy, specifically citing, addressing, discussing over these pages both the expert testimony and the arguments. And this is only for the Sigurdsson and Chappelle grounds. As Your Honors know, there are two independent grounds here, both of which the Board found under both constructions that all challenge claims were obvious. So this is one example I'm happy to go through. There's many other examples where. Is there that same discussion for the 561? Because there I just saw a lot of saying because their expert applied the wrong claim construction, we don't find him convincing. So a great question, Your Honor. So on the 561, what Patent Owner pointed to as if it was an alleged dismissal of the expert, that's just simply not the case. On Appendix 79, what the Board said was on the disclosures, so on the teachings of Sigurdsson and Chappelle, the testimony of Dr. Chenoy, which is Patent Owner's expert, was based on the rejected claim construction of automatically. So what the Board was saying was where Patent Owner's expert argued that the prior art does not teach or disclose the claim limitations, it was entirely based on this narrow construction of a push without a request. And even that was substantial evidence to the contrary. But that was what the Board was saying there. But then when the Board continued on at page 80, the Board separately then went on to say, let's address now the combination argument, the alleged teaching away argument relating to client-server and peer-to-peer, cited this page range from the Patent Owner response, which in turn cited to the expert testimony. So here we see, just as in the companion decision, substantially exactly the same evidence and arguments being considered. It didn't say Patent Owner response at these page ranges, which also cite the expert testimony. But this is very clear under the APA law that the Court has referred to. We can absolutely reasonably discern the Board followed an appropriate path here. This is not a case. So the Cary case, for example, that Patent Owner cited, so that's the case where this Court noted there were a multitude of arguments raised by the Patent Owner before the Board, including an explicit teaching away. They were completely ignored and not addressed by the Board at all. So that would be a case where if we removed all these pages and the Board had simply said it's obvious and didn't address all these, and we're not in that situation here. How about at the oral hearing? Was there evidence discussed at the oral hearing, and would that count to our effort to reasonably discern if it was discussed? It would count as well. I know it was, so candidly, I don't have record sites for you on the hearing. I know the evidence was discussed, but I don't have appendix sites in terms of the back. I think that would be gilding the lily, additional gravy on top of what's already in substance here. Thoroughly discussed on both grounds. We just looked at Sigurdsson. You know, happy to look also at the Brown and Hesselink. To follow up on what Judge Stark asked you, discussed in a sense that is more extensive than just saying would not credit or consider in light of that claim construction. At the oral hearing? Yes. Candidly, Ron, I don't have sites for you from the oral hearing. I would be happy to do a follow-up letter to provide that if necessary, but I think the four corners of the Board's decisions, I think, are fully compliant with showing that the Board did consider the arguments. We haven't actually heard, throughout the briefing and today, we haven't heard, but here's a substantive argument that the Board just simply whiffed on and did not consider at all. I mean, it's the teaching away, the client-server versus peer-to-peer, the push versus pull. All of that was squarely addressed by the Board in both decisions. This is not a case where the Board just completely ignored what the patent owner was presenting. And do you agree that we can look at Claim 1 of the 561 patent as representative for all challenge claims across both patents here? Yes, Your Honor. Okay. And also that the only limitation dispute is Limitation 1D? I believe so, yeah. I mean, it's disputed in the sense of that's the one that was challenged by Patent Owner Appeal. We believe there's ample supporting substantial evidence on both grounds on that limitation under both claim destructions, as the Board explicitly found. I'm happy to address any other questions. Okay, thank you, Counsel. Thank you, Your Honors. Thank you. So to close the loop on the APA, our opening brief for, I mentioned, a couple spots at least in Ground 1 and in Ground 2, pages 58, 59, and 60. How do you respond to Mr. Mead's pointing out the various places in the PTAB decision where the Board articulated and discussed, for example, Dr. Chinoy's testimony? The briefing focused on the 561, and I couldn't find a single spot, Your Honor. I think he mentioned some spots where the PTAB in its FWD on 942 may have mentioned Dr. Chinoy. And sitting here, we couldn't find it in a few minutes. Why don't we turn to appendix page 75. I see a bunch. Appendix page 75. I see a bunch of references to Dr. Chinoy under the discussion with regard to Claim 1. Chinoy declaration, the Patent Owner Response, Chinoy testimony on Limitation 1D, why it's not convincing. Well, if you look on 76, Your Honor, right after where you pointed to, at the end of that, about the sixth line down, the court said, this analysis by Dr. Chinoy is contrary to our construction of automatically, and therefore we do not credit it. And that's one of our main points. Is that even under TOPIA's construction, if adopted, the evidence we submitted, and all the Chinoy evidence went to what we call the plain meaning construction here, because that's what was on the table at the time of our Patent Owner Response. And this claim construction did not arise until the reply brief in the IPRs. What about the final written decision references to your filings, which themselves reference your expert? Doesn't that give us further indication that the board was actually engaging with your evidence? Well, again, that evidence, again, went to the plain meaning construction. It didn't go to, I mean, I'm sorry, it went to our proposed construction. And when that was the case, the PTAB repeatedly, in both cases, said we're not going to give it any weight. We're not going to credit it. I guess I'm getting a little confused on your position. Is it that the board saw all your evidence, sure, it thought about it, but it erred in some way for rejecting it based on a claim construction, or are you asking us to say the board really either overlooked or just didn't even consider your evidence? We're asking the latter, Your Honor. It didn't consider it. It didn't grapple with it. It didn't meaningfully engage it. So we contend that saying it relates to a rejected construction is not consideration on the merits. This was not like they looked up Dr. Chinoy, and he addressed an issue under the broad construction, and then they said, oh, well, that's conclusory, or that doesn't address this or that, okay, or that doesn't take into account this thing that the other expert said. There was no weighing at all of Dr. Chinoy versus the other expert, and that's our position by and large, Your Honor. Okay. I see that I'm out of time. Thank both counsel. This case is taken to resubmission.